UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **MICHAEL SOURWINE**, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No.  2:25-cv-710 |
| | Judge: |
| **ROYAL WOOD MASTER ASSOCIATION, INC.**, a Florida not for profit corporation, | Mag. Judge: |
| Defendants. | |

## COMPLAINT

**NOW COMES** the Plaintiff, by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action for unlawful retaliation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA") and Florida's Private Sector Whistleblower Act.

## PARTIES

2. The Plaintiff is an individual and resident of Florida who at all material times worked for the Defendant in Collier County, Florida. At all times, Plaintiff had enterprise and individual coverage under the FLSA during his

1

employment with the Defendant, **ROYAL WOOD MASTER ASSOCIATION, INC.** ("Defendant"). Plaintiff was employed by the Defendant whose principal place of business is located in Collier County, Florida. At all material times, Plaintiff was employed by the Defendant as the controller. Plaintiff performed work for the Defendant whose principal place of business is located in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. Plaintiff was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida. While performing services for the Defendant, Plaintiff was engaged in interstate commerce, including interstate recruiting of employees for the Defendant. Plaintiff continued the flow of interstate commerce by, *inter alia*, generating and processing billing, which collected funds from out-of-state sources and banks.

3. The Defendant **ROYAL WOOD MASTER ASSOCIATION, INC.** ("Corporate Defendant") is a Florida not-for-profit corporation and has gross annual income well in excess of $500,000.00 per year and is engaged in interstate commerce; it is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). Corporate Defendant's employees are engaged in interstate commerce and their business model specifically involves interstate purchases and handling goods such as goods and equipment that are from out-of-state suppliers. Defendant collects monies, most of which is from out-of-state financial institutions. Defendant has the

authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like Plaintiff. Defendant supervised and controlled Plaintiff's work schedules and conditions of employment, in addition to determining the rate and method of payment. Defendant maintains employment records of Plaintiff. Defendant's employees are engaged in interstate commerce as at least two of the Defendant's employees handled, sold, otherwise worked on goods or materials that have been moved in or produced for commerce. Plaintiff was engaged in interstate commerce because Plaintiff (and at least two employees of the Defendant) handled goods that were moving in interstate commerce, handled and processed credit card and banking transactions and unloaded goods which came from an out of state supplier.

## **JURISDICTION AND VENUE**

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff performed work for the Defendant who conduct business in, and some or all of the events giving rise to Plaintiff's claims

occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued in Collier County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6.  **SOURWINE** began his employment with the Defendant on or about April 7, 2025, and was employed as the controller.

7.  **SOURWINE** always performed his assigned duties in a professional manner and was very well qualified for his position.

8.  In his position as controller, **SOURWINE** quickly observed that the Defendant was intentionally violating the FLSA by misclassifying several employees (lawn maintenance and handymen) as exempt when in fact they were clearly non-exempt employees who were all working well in excess of 40-hours per week without proper overtime compensation mandated by the FLSA.

9.  **SOURWINE** swiftly communicated this to the Defendant's general manager, who disregarded his complaints and told **SOURWINE** to just "keep doing it the way we have always done it," or words to that effect.

10. **SOURWINE** continued his objections to the Defendant's illegal conduct described above, including in the days immediately prior to his termination, which occurred on July 21, 2025.

11. The Defendant has thus violated the FLSA and FWA by terminating his employment after he objected to the Defendant's FLSA violations.

## COUNT I – FLSA RETALIATION

12. Plaintiff incorporates by reference Paragraphs 1-11 of this Complaint as though fully set forth below.

13. At all material times, the Plaintiff was an employee and Defendant were his employer, and a covered employer under the FLSA.

14. Plaintiff believed in good faith, and a reasonable employee in the same or similar circumstances would also believe, that Defendant was violating the FLSA by not paying him overtime wages.

15. Defendant was aware of Plaintiff's objection to Defendant's violations of the FLSA.

16. Defendant subjected Plaintiff to adverse employment action by terminating Plaintiff.

17. Defendant, in subjecting Plaintiff to adverse employment action, retaliated and discriminated against him because of complaints, objections and concerns raised by him to Defendants.

18. As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, Plaintiff has lost the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

19. As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, and as a direct and proximate result of the

prohibited acts perpetrated against him, Plaintiff is entitled to all relief necessary to make him whole.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendants, plus interest, including but not limited to lost salary and bonuses;

ii. Liquidated damages;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT II –VIOLATION OF FLORIDA STATUTE 448.102: FLORIDA'S PRIVATE WHISTLEBLOWER ACT

20. Plaintiff incorporates by reference Paragraphs 1-11 of this Complaint as though fully set forth below.

21. Plaintiff was an employee of the Defendant, a private company.

22. At all material times, Plaintiff was to be protected from negative employment action by Florida Statute 448.102(1)-(3), commonly known as Florida's "whistleblower statute," which in relevant part provides:

> "An employer may not take any retaliatory personnel action against an employee because the employee has:
>
> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice;
>
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer, and;
>
> (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

23. Plaintiff did engage in statutorily protected activity by his objections and refusal to participate in the Defendant's illegal practices.

24. Immediately after engaging in statutorily protected activity, Plaintiff suffered negative employment action, his termination, which is a direct result of this statutorily protected activity.

25. Plaintiff's termination and his engaging in statutorily protected activity are causally related.

26. The Defendant knew that Plaintiff was engaged in protected conduct as referenced herein.

27. The Defendant discharged, terminated and retaliated against Plaintiff from his employment and after his employment, and otherwise retaliated against him because of his protected conduct.

28. As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, Plaintiff has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

29. As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, Plaintiff is entitled to all relief necessary to make him whole.

**WHEREFORE,** Plaintiff demands damages against Defendant for violation of Florida's Private Sector Whistle-blower's Act (Section 448.102, Fla. Stat.), including but not limited to all relief available under Section 448.103, Fla. Stat., such as:

(a) reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position,

(b) reinstatement of full fringe benefits and seniority rights,

(c) compensation for lost wages, benefits, and other remuneration,

(d) any other compensatory damages allowable at law,

(e) attorney's fees, court costs and expenses, and

(f) such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Dated: August 11, 2025         **/s/ Benjamin H. Yormak**
                               Benjamin H. Yormak
                               Florida Bar Number 71272
                               Lead Counsel for Plaintiff
                               Yormak Employment & Disability Law
                               27200 Riverview Center Blvd., Suite 109
                               Bonita Springs, Florida 34134
                               Telephone: (239) 985-9691
                               Fax: (239) 288-2534
                               Email: byormak@yormaklaw.com